IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:15-CV-00187-M

THOMAS M. CANNON,　　　　　　　　　)
JESSE M. CONNER,　　　　　　　　　　)
DONALD M. KOONS, and　　　　　　　)
NICHOLAS M. TERRELL,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Plaintiffs,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　ORDER
　　　　　　　　　　　　　　　　　　)
VILLAGE OF BALD HEAD ISLAND,　　　)
NORTH CAROLINA,　　　　　　　　　)
CALVIN R. PECK, JR., and　　　　　　)
CAROLINE MITCHELL,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　)

These matters are before the court[1] on the Plaintiffs' Motion for Attorney's Fees and Nontaxable Costs [DE 156], Defendants' Motion for Disallowance of Costs [DE 161], and Plaintiffs' Motion for Prejudgment Interest [DE 164]. On November 30, 2020, the Honorable Malcom J. Howard issued a dispositive order and judgment in this case, which, in addition to other previously issued dispositive orders, are currently before the Fourth Circuit Court of Appeals. *See* Notices of Appeal, DE 159, 166.

I.　**Jurisdiction to Address Post-Trial Motions**

Before addressing the merits of the motions, the court must satisfy itself of its jurisdiction to do so. Typically, the "filing of a notice of appeal transfers jurisdiction over all questions presented in the appeal from the district court to the court of appeals." *United States v. Johnson*,

---

[1] This case was reassigned to this court on January 20, 2021.

No. 1:12-CV-1349, 2015 WL 8346676, at *2 (M.D.N.C. Dec. 8, 2015) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). The present motions seeking awards of attorney's fees and/or costs are "ancillary" or "collateral" matters that may be adjudicated during the pendency of the parties' appeals. *See id.* ("The award of costs and attorneys' fees have generally been recognized as collateral issues appropriate for resolution by the trial court when an appeal has been taken.") (citing *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988) and *Langham-Hill Petroleum, Inc. v. S. Fuels Co.*, 813 F.2d 1327, 1331 (4th Cir. 1987)).

But, with respect to Plaintiffs' second motion, "[p]re-judgment interest is considered to be part of the merits of a court's decision, and so a motion requesting such interest is properly classified as a Rule 59(e) motion to alter or amend a judgment." *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 302 n.9 (4th Cir. 2009) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176–77 & n.3 (1989)). The Supreme Court has affirmed that this classification applies to all prejudgment interest requests, whether the requested award is discretionary or mandatory. *Osterneck*, 489 U.S. at 176 n.3. When a party "files a post-judgment motion to alter or amend a judgment pursuant to Rule 59(e) [after a notice of appeal is filed], the court retains jurisdiction to resolve the motion under the in aid of an appeal exception" to the rule requiring transfer of jurisdiction. *Zeigler v. Andrews*, No. 5:17-HC-2044-FL, 2019 WL 6044809, at *2 (E.D.N.C. Nov. 14, 2019) (citing *Wolfe v. Clarke*, 718 F.3d 277, 281 n.3 (4th Cir. 2013) (stating district court retained jurisdiction to amend its judgment pursuant to Rule 59(e) despite previously filed notice of appeal)). However, if a Rule 59(e) motion is untimely, the court has no power to address it and, therefore, the court does not retain jurisdiction over the matter raised in the motion if a notice of appeal has been filed. *See Kirby v. Johnson*, No. CIV.A. 02-1955, 2006 WL 1120677, at *1–2 (W.D. Pa. Apr. 26, 2006) (finding no jurisdiction to entertain an untimely Rule 59(e) motion after a notice of appeal was

filed); *see also Kinghorn for Mildred Anne Kinghorn Tr., Dated Apr. 28, 2004 v. Efthimiadis*, 714 F. App'x 287, 288 (4th Cir. 2018) ("[A]n untimely Rule 59 motion cannot defer the time for filing a notice of appeal.") (citing *Panhorst v. United States*, 241 F.3d 367, 370 (4th Cir. 2001)).

In this case, Plaintiffs' motion for prejudgment interest is properly classified as a Rule 59(e) motion. *See Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 524 (E.D.N.C. 2012), *aff'd*, 551 F. App'x 646 (4th Cir. 2014) (a "request for prejudgment interest is properly classified as a request to amend the court's judgment, and is governed by Rule 59(e).") (citing *Kosnoski v. Howley*, 33 F.3d 376, 378 (4th Cir. 1994) and *Osterneck*, 489 U.S. at 175). Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Plaintiffs filed their motion on January 6, 2021, which is 37 days after the November 30, 2020 Judgment was issued. Thus, on its face, the motion is untimely.

Rule 6(b)(2) of the Federal Rules of Civil Procedure requires that a court "must not extend time to act under Rule[ ]" 59(e). Fed. R. Civ. P. 6(b)(2). "The Fourth Circuit has held that a district court has no authority to extend the filing period for Rule 59(e) motions." *Under A Foot Plant, Co. v. Exterior Design, Inc.*, No. CV BPG-15-871, 2017 WL 6415265, at *2 (D. Md. Dec. 14, 2017) (citing *Panhorst*, 241 F.3d at 367 and *Alston v. MCI Communications Corp.*, 84 F.3d 705 (4th Cir. 1996)); *see also United States v. Brightman*, 408 F. App'x 746, 748 (4th Cir. 2011) (citing *Panhorst* and *Alston* in concluding that the district court "was without power to do so" when it entertained an untimely Rule 59(e) motion); *United States v. Griffin*, 397 F. App'x 902, 903 (4th Cir. 2010) (citing *Panhorst* and *Alston* when finding that "though Griffin did move for, and was granted, an extension of time in which to file his motion, the district court was without power to enlarge the time for filing a Rule 59(e) motion."). The court concludes that, as Plaintiffs'

3

motion is untimely and the court has no authority to address it, the matter does not "aid in the appeal" and, therefore, this court does not retain jurisdiction—which was transferred to the Fourth Circuit with the notice of appeal—to consider the matter.

As the court has no jurisdiction to address Plaintiffs' untimely motion for prejudgment interest, the Rule 59(e) motion is denied without prejudice. However, the court retains jurisdiction to address the motions concerning an award of attorney's fees and, for the following reasons, the Plaintiffs' motion for attorney's fees and non-taxable costs is granted in part and denied in part.

## II. Motions Regarding Awards of Attorney's Fees/Costs

At the outset, the court notes that Defendants' "motion for disallowance of costs" is, in essence, a response in opposition to Plaintiffs' motion for attorneys' fees and costs, and Plaintiffs' "response" to Defendants' motion is actually a reply in support of their motion; thus, the court directs the Clerk of the Court to rectify the record by re-naming the documents on the docket sheet in accordance with this order.

District courts may award reasonable attorney's fees to the prevailing party in a § 1983 action. *Hudson v. Pittsylvania Cty.*, 774 F.3d 231, 236–37 (4th Cir. 2014) (citing 42 U.S.C. § 1988(b)). "Section 1988 provides that a prevailing party in certain civil rights actions may recover 'a reasonable attorney's fee as part of the costs.'" *Doe v. Kidd*, 656 F. App'x 643, 651 (4th Cir. 2016) (quoting *Perdue v. Kenny*, 559 U.S. 542, 550 (2010)). In *Perdue*, the Supreme Court concluded that a "reasonable fee" is that which "is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue*, 559 U.S. at 552.

In the Fourth Circuit, the proper calculation of a reasonable attorney's fee award involves a three-step process. *Kidd*, 656 F. App'x at 651. First, the court must "determine [the] lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Id.*

4

(citing *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). To make this determination, the court applies the following factors: "(1) [t]he time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases." *Id.* at 651–52, n.1.

Second, the court must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Id.* at 652 (quoting *Robinson*, 560 F.3d at 244). Third, the court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.*

A. <u>Lodestar Figures</u>

As the applicants for an award of attorney's fees, Plaintiffs bear the burden to establish the reasonableness of their counsels' hourly rates. *Id.* at 654. Here, Defendants do not challenge the hourly rates charged by Plaintiffs' counsel; the court finds the following hourly rates are "consistent with 'the prevailing market rates in the relevant community for the type of work for which [they] seek[] an award.'" *Id.* (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)).

1. Lead Attorney Bradley Coxe at $300/hour

2. Attorney Samuel Potter at $300/hour

3. Associate Attorney Hunt Harris at $225/hour

5

4. Associate Attorney Robert Solano at $225/hour

5. Associate Attorney Colleen Moran at $200/hour

6. Associate Attorney Ana-Cris Jimenez at $225/hour

7. Paralegal Xylia Sparks-Davis at $85/hour

8. Legal Assistant Christopher Rickert at $65/hour

9. Paralegal Patricia Kodetsky at $65/hour

*See* Mot at 2; *see also* Affidavit of Carlos Mahoney, DE 157-7; Affidavit of John Green, II, DE 157-8.

With respect to the number of hours worked, "[i]n determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *Kidd*, 656 F. App'x at 656 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 1983)). Defendants contend that Plaintiffs' requested hours are excessive in that Plaintiffs seek recovery for hours expended on a different case, Plaintiffs fail to properly explain certain "block-billed" hours, and Plaintiffs' stated number of hours far exceed those billed by Defendants' counsel. With respect to the first contention, the court agrees that Plaintiffs should not recover for counsels' hours worked in a related case, *Bryant v. Village of Bald Head Island*, in which it is undisputed that the parties settled and agreed to pay their own attorney's fees and costs.

Plaintiffs assert that "summary judgment preparation and discovery responses . . . while prepared for Mr. Bryant, assisted in the overall development of the Plaintiffs' case" (Reply at 2); however, the same may be true for preparation of discovery and dispositive motions in any civil rights matter for the development of other similar civil rights matters. In fact, such preparation lends to the knowledge and experience of any litigator practicing in areas such as personal injury,

6

employment, civil rights, and the like; Plaintiffs fail to explain how work performed in the *Bryant* matter specifically assisted in their preparation of depositions, written discovery, or dispositive matters in the present case. The court finds Plaintiffs have failed to meet their burden to demonstrate that recovery of these fees is reasonable and, therefore, fees submitted that were expended for the *Bryant* case will be omitted. *See* Declaration of Norwood P. Blanchard, ¶¶ 11, 14-18, DE 161-1.[2]

Defendants also argue that Plaintiffs have submitted duplicate entries or excessive hours for work requiring less time than that charged. The court agrees with respect to the time entries referenced in paragraphs 12 and 13 of Blanchard's declaration (*see id.*); it is unrebutted that the actual time expended to draft the scheduling order—as determined from the document's "properties"—was seven minutes. That coupled with any discussion among counsel for scheduling discovery in the case would reasonably total thirty minutes; accordingly, the additional three hours, at $300 per hour, requested for such task will be deducted.

With respect to Defendants' objections concerning the time necessary to prepare and draft the Complaint in this case, the court finds 29.5 hours to draft an eighteen-page civil rights complaint is somewhat excessive. Given the number of parties and claims, as well as the complexity of constitutional claims brought pursuant to 28 U.S.C. § 1983, the court finds, instead, that a total of twenty hours to complete work on the pleading is reasonable. Therefore, the court will subtract 9.5 hours at $300 per hour.

---

[2] In paragraph 14 of Blanchard's declaration, he refers to a Coxe line item dated "10/26/2015" for ".4" hours, but the actual date is 10/23/2015 (*see* DE 157-4 at 3); in addition, in paragraph 16 of the declaration, Blanchard references time entries from Xylia Sparks-Davis in "2016," but the actual time entries are dated "2015" (*see* DE 157-5 at 1-2). The total number of hours deducted (for work in the *Bryant* case) from those submitted here are: Coxe – 58.7; Moran – 3.2; Sparks-Davis – 6.4.

7

Likewise, Defendants object that Plaintiffs' time spent preparing for appellate arguments is excessive and the court agrees that Mr. Coxe's requested 15.7 hours are high; a reasonable time to prepare for such arguments is eight hours. The court also finds reasonable Mr. Potter's and the other attorneys' time assisting in Mr. Coxe's preparation and, thus, will not deduct these hours.

Regarding Plaintiffs' requested hours for "review" of appellate briefs, the court finds some of this time excessive. For example, Mr. Potter seeks recovery for 18.3 hours of time to "review" the appellate briefs with Mr. Coxe; the court finds a total of six hours is reasonable for such review. The court also finds the time spent for review by all four attorneys on October 26, 2017 is reasonable.

Finally, Defendants object to certain of Mr. Coxe's time entries as "block billed" and excessive. The court agrees in part. The entries on November 24, 2015 and April 20, 2016 for 5.6 hours and 5.3 hours, respectively, appear to be excessive for the tasks listed; the court finds reasonable three hours for the tasks on November 24, 2015 and two hours for the task listed on April 20, 2016.

Based on these findings, the court concludes that the following hours will be deducted as excessive and unreasonable: Coxe – 84.8; Potter – 12.3; Moran – 3.2; Sparks-Davis – 6.4 (a total of $30,314.00 in fees). After these deductions, the "lodestar" figure is $428,735.50.

B. Degree of Success

Moving on to the second step, except as already addressed herein, Defendants do not contend that the court must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *See Kidd*, 656 F. App'x at 652. The court finds that, although some of Plaintiffs' claims were "unsuccessful" in this case, the number of hours worked on successful claims, as opposed to the unsuccessful claims, is not apparent in this case. Finally, at the third step, the court

8

must award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* According to the Supreme Court, "the extent of a plaintiff's success is 'the most critical factor' in determining a reasonable attorneys' fee under § 1988." *Id.* at 657 (quoting *Hensley*, 461 U.S. at 436). "[T]he court must ask [ ] whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Id.* In this regard, Defendants merely argue that Plaintiffs "did not prevail on the majority of their claims." Resp. at 4, DE 161.

In this case, three of the Plaintiffs brought six claims for relief against the Defendants and the fourth Plaintiff brought seven claims, for a total of twenty-four claims against each individual Defendant and twenty-five claims against the Defendant Village. Compl., DE 1. Judge Howard granted in part and denied in part the Defendant's Rule 12(b)(6) motion and dismissed the Plaintiffs' claims against Defendants Peck and Mitchell for wrongful termination, violations of the North Carolina Constitution, and violations of a right to privacy under the United States Constitution; in addition, the court dismissed Plaintiffs Cannon, Koons, and Terrell's free speech claims under the North Carolina Constitution against the Defendant Village. Order, DE 34. Subsequently, the court granted in part and denied in part Defendants' motions for summary judgment and concluded that the following claims would proceed to trial in the case:

> 1. Claims One and Four - 42 U.S.C. § 1983 Violation of Constitutionally Guaranteed Liberty Interest in Violation of Procedural Due Process Clause as against Defendants Peck and Mitchell, in their individual capacities;
>
> 2. Claim Two - Plaintiff Terrell, Conner, and Koons' 42 U.S.C. § 1983 Claim of Retaliatory Discharge in Violation of First Amendment Right to Free Speech as against Defendants Peck and Mitchell, in their individual capacities;
>
> 3. Claim Three - Plaintiff Conner's Claim of Breach of Contract as against the Village;

9

4. Claim Five Libel as against Defendants Peck, Mitchell, in their individual capacities, and as against the Village;

5. Claim Six Violation of the North Carolina Constitutional Right to Privacy as against the Village; and

6. Claim Seven -Wrongful Discharge as against the Village.

Order, DE 72. Defendants filed a notice of interlocutory appeal on those claims for which they asserted qualified immunity; the Fourth Circuit agreed with Defendants that they were entitled to qualified immunity on the Plaintiffs' first amendment claims (i.e., "Claim Two"). Order, DE 78. As of April 25, 2019 (see DE 96), the total number of claims remaining in this case were twelve claims each against Defendants Peck and Mitchell and thirteen claims against the Defendant Village. Therefore, prior to trial, Plaintiffs had succeeded on 50% of their claims against the individual Defendants and 48% of their claims against the Village.

In the pretrial order, the parties referred to the remaining claims as "liberty interest," "libel" or "defamation," "wrongful termination," "right to privacy," and "breach of contract." Order, DE 136. Following a bench trial on September 8 and 9, 2020, the court found in favor of the Plaintiffs on the following claims:

1. Plaintiffs Cannon, Conner, Koons, and Terrell's liberty interest claims against Defendants Peck and Mitchell in their individual capacities on plaintiffs' section 1983 claims for violations of their Due Process Rights under the Fourteenth Amendment.

2. Plaintiffs Cannon, Koons, and Terrell's libel per se claims against Defendants Peck and Mitchell.

3. Plaintiff Conner's libel per se claim against Defendant Mitchell.

4. Plaintiff Conner's libel per quod claim against Defendant Peck.

Order, DE 154. The court dismissed all other claims; thus, the total claims on which the Plaintiffs prevailed were approximately 33% of those initially alleged against the individual Defendants and

10

0% of those alleged against the Village. The court finds these percentages do not accurately reflect the Plaintiffs' success in this proceeding. Plaintiffs argue, and the court agrees, that they succeeded—after vigorous litigation—on their "primary" claims for violations of their liberty interests and for libel against the individual Defendants. Notably, Judge Howard's denial of summary judgment on the liberty interest claims was appealed to and affirmed by the Fourth Circuit. *See* Order, DE 78. The court finds that the appropriate award in this case is 66% of the lodestar figure, or $282,965.43.

C. Non-Taxable Costs

Despite the document's title, Defendants' response does not lodge a substantive objection to the Plaintiffs' request for recovery of non-taxable "litigation expenses." If such expenses are "reasonable," the Plaintiffs may recover them under section 1988. *Raleigh Wake Citizens Ass'n v. Wake Cty. Bd. of Elections*, No. 5:13-CV-607-D, 2017 WL 4400754, at *8 (E.D.N.C. Sept. 29, 2017) (citing *Trimper v. City of Norfolk*, 58 F.3d 68, 75 (4th Cir. 1995)). Notably, a prevailing party is not entitled to reimbursement for "questionable litigation expenses." *Id.* (quoting *Jones v. Dancel*, 792 F.3d 395, 404 (4th Cir. 2015)). Additionally, "'[a]s with attorney's fees, the [c]ourt may also consider the degree of success in awarding litigation expenses under fee-shifting statutes' and reduce the expenses accordingly." *Id.* (quoting *Pierce v. Cty. of Orange*, 905 F.Supp.2d 1017, 1048 (C.D. Cal. 2012)).

The court will not engage in an item-by-item examination of the expenses listed by Plaintiffs but notes that certain expenses do not appear reasonable for the simple fact that Plaintiffs have failed to explain them. For example, considering that "reasonable" litigation expenses typically include photocopying, postage, and traveling costs (Mot. at 20), $5,000.00 for "expert witness" Roy Taylor, with no additional explanation, appears to be unreasonable. Moreover,

11

Plaintiffs seek recovery of a mediator fee; however, in these circumstances, parties typically enter an agreement as to each party's responsibility for such expense. Here, Plaintiffs offer no explanation. Finally, Plaintiffs seek reimbursement for an online research service fee; however, because attorneys bill their clients for time expended conducting research, the request for reimbursement of this fee is unreasonable (such request is equivalent to one seeking reimbursement for fees charged by an email provider when an attorney has billed a client for time expended communicating by email). The court will deduct these expenses as unreasonable.

The request for reasonable litigation expenses is reduced to $7,086.49. The court will further reduce the request in accordance with the reduction applied to the fee award based on the Plaintiffs' success (see *Raleigh Wake Citizens Ass'n*, 2017 WL 4400754 at *8); the reduced litigation expenses award is $4,677.08.

## III. Conclusion

For the reasons set forth herein, the court lacks jurisdiction to address Plaintiffs' motion for prejudgment interest [DE 164] and, therefore, the motion is DENIED WITHOUT PREJUDICE. In addition, the Plaintiffs' motion for attorneys' fees and non-taxable costs [DE 156] is GRANTED IN PART and DENIED IN PART. It is ORDERED that:

1. Plaintiffs shall recover from Defendants Peck and Mitchell attorneys' fees in the amount of $282,965.43;

2. Plaintiffs shall recover from Defendants Peck and Mitchell litigation expenses in the amount of $4,677.08; and

3. The Clerk of the Court is DIRECTED to enter judgment consistent with this order.

SO ORDERED this 26TH day of July, 2021.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE