IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-187-M

| | |
|---|---|
| THOMAS M. CANNON, <br> JESSE M. CONNER, <br> DONALD M. KOONS, and <br> NICHOLAS M. TERRELL, <br><br> Plaintiffs, <br><br> v. <br><br> VILLAGE OF BALD HEAD ISLAND, <br> NORTH CAROLINA, CALVIN R. PECK, <br> JR., and CAROLINE MITCHELL, <br><br> Defendant. | **ORDER ON MOTION** <br> **FOR BILL OF COSTS** |

This matter is before the clerk on the motion for bill of costs [DE-158] filed by plaintiffs Thomas M. Cannon, Jesse M. Conner, Donald M. Koons, and Nicholas M. Terrell. For the reasons set forth below, the motion is GRANTED in part.

Following a bench trial on September 8 and 9, 2020, before the Honorable Malcolm J. Howard, Senior United States District Judge, the court issued findings of fact and conclusions of law on November 30, 2020 [DE-154]. The court granted relief to plaintiffs against defendants Calvin Peck and Caroline Mitchell but dismissed plaintiffs' claims against defendant the Village of Bald Head Island. The clerk entered judgment [DE-155] that same day.

Plaintiffs timely filed a motion for bill of costs [DE-158] on December 14, 2020, along with supporting documentation [DE-157-11]. Although defendants Peck and Mitchell responded in opposition to a motion for attorney's fees, they did not respond to the motion for bill of costs. In a text order issued on August 6, 2021, the undersigned directed plaintiffs to file supporting invoices for their requested costs for fees for printed or electronically recorded transcripts

necessarily obtained for use in the case. Plaintiffs timely complied with the directive on August 18, 2021.

Plaintiffs seek costs under Rule 54(d)(1) as the prevailing parties in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014).

Here, plaintiffs seek $9,524.25 in costs, including (1) $400.00 in costs for fees of the clerk, pursuant to § 1920(1); (2) $27.60 for service of the summons and subpoena pursuant to § 1920(1); (3) $7,511.50 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, pursuant to § 1920(2) and (4) $1,585.15 for fees for witnesses pursuant to § 1920(3). Having the reviewed the supporting documentation and the record, the clerk finds that plaintiffs' requested costs under § 1920(1) and § 1920(3) in the amount of $2,012.75 are allowable under the statute and Local Civil Rule 54.1.

Plaintiffs' request for transcript costs, however, include charges for exhibits, postage, witness signatures, and expedited preparation. This court has construed § 1920(2) and Local Civil Rule 54.1 as not encompassing these charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling

and expedited processing."). Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). Accordingly, of plaintiffs' request for fees for costs of transcripts, $498.40[1] is disallowed. The remaining amount of $7,013.10 is allowed.

For the foregoing reasons, the motion for bill of costs [DE-158] is GRANTED in part. As the prevailing parties, plaintiffs Thomas M. Cannon, Jesse M. Conner, Donald M. Koons, and Nicholas M. Terrell are awarded (1) $427.60 in costs pursuant to § 1920(1); (2) $7,013.10 in costs pursuant to § 1920(2) and (3) $1,585.15 in costs pursuant to § 1920(3). Total costs in the amount of $9,025.85 are taxed against defendants Calvin R. Peck, Jr., and Caroline Mitchell and shall be included in the judgment.

SO ORDERED. This the 10 day of September, 2021.

Peter A. Moore, Jr.
Clerk of Court

---

[1] This encompasses the difference between the expedited rates for the preparation of the transcript of the bench trial and the ordinary rate ($3.65); exhibit charges for the depositions of Paul Swanson, Scott Anderson, Herbert Bryant, and Calvin Peck; postage and handling for the deposition of Scott Anderson and Paul Swanson; and witness signature fee for the deposition of Calvin Peck.

3
Case 7:15-cv-00187-M-KS   Document 177   Filed 09/10/21   Page 3 of 3